**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JHON ZHUMI ZHUMI, | ) | |
| | ) | |
| Petitioner(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HERIBERTO TELLEZ, Warden, | ) | Case No. 2:26-cv-923 |
| Metropolitan Detention Center; | ) | |
| TODD LYONS, Acting Director, U.S. | ) | |
| Immigration and Customs Enforcement; | ) | |
| PAMELA BONDI, U.S. Attorney General; | ) | |
| and KRISTI NOEM, U.S. Secretary of | ) | |
| Homeland Security | ) | |
| | ) | |
| Respondents(s). | ) | |
| | ) | |

**PETITION FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2241**

1. On January 29, 2026, Petitioner Jhon Zhumi Zhumi (A202-137-253) was detained without notice by ICE pursuant to a 2019 removal order. Petitioner was attending a criminal court hearing for a May 31, 2025 arrest for driving under the influence.

2. Petitioner had never before been detained or released on an Order of Supervision by ICE pursuant to his 2019 removal order.

3. When a noncitizen is ordered removed, pursuant to statutory authority, the Attorney General *shall* remove the noncitizen from the United States within a period of 90 days. *See* 8 U.S.C. § 1231. This 90-day period is known as the "removal period." *Id*.

4. During the "removal period," the U.S. government *shall* detain the noncitizen. *See* 8 U.S.C. § 1231(a)(2)(A).

1

5. The "removal period" begins on the latest of three possible dates. *See* 8 U.S.C. 1231(a)(1)(B).[1]

6. Petitioner's "removal period" began on April 24, 2023 because: (i) Petitioner's order of removal became administratively final on April 24, 2023 when his appeal was dismissed; (ii) no stay of removal has been ordered in this case; and (iii) the noncitizen has not been released from non-immigration detention. *See id.* Thus, Petitioner's "removal period" ended on July 23, 2023.

7. If a noncitizen is not removed during the "removal period," the noncitizen shall be placed upon an Order of Supervision. *See* 8 U.S.C. § 1231(a)(3).

8. A noncriminal noncitizen may be detained beyond the "removal period" under certain circumstances, but detention under § 1231(a)(6) after the "removal period" requires that the noncitizen was detained *during* the "removal period." *See* 8 U.S.C. § 1231(a)(6) *and Zadvydas v. Davis*, 533 U.S. 678 (defining "post-removal-period" detention under 8 U.S.C. § 1231(a)(6) with respect to statutorily-defined "removal period").

9. The regulatory scheme codified pursuant to 8 U.S.C. § 1231(a)(6) reinforces Petitioner's plain meaning reading of the phrase "may be detained beyond the removal period." *See* 8 U.S.C. § 1231(a)(6) *and* 8 CFR 241.4(a) (indicating 8 U.S.C. § 1231(a)(6) grants the authority to "continue a [noncitizen] in custody"); *see also* 8 CFR §§ 241.13(a), 241.14(a)(1), 241.5(a) (all contingent upon 8 CFR § 241.4).

---

[1] 8 U.S.C. § 1231(a)(1)(B) – The "removal period" begins on the latest of the following:

(i)    The date the order of removal becomes administratively final;

(ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the noncitizen, the date of the court's final order;

(iii)  If the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement.

10. Petitioner was never detained during the removal period. There is no regulation or statute that could have authorized ICE's detention of Petitioner without notice. *See generally* 8 U.S.C. § 1231 *and* 8 C.F.R. §§ 241.13, 241.14 241.4, 241.5.

11. Petitioner's detention constitutes a deprivation of his right to Due Process under the 5th Amendment.

12. Courts have broad discretion in conditioning a judgment for Habeas Corpus relief. *See* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [the application for a Writ of Habeas Corpus] as law and justice require").

13. Therefore, as law and justice require, the Court should order Petitioner's release pursuant to the Court's broad discretionary under 28 U.S.C. § 2243.

## **STATEMENT OF FACTS**

14. Petitioner Jhon Zhumi Zhumi (A202-137-253) is a male, native and citizen of Ecuador.

15. In 2014, Petitioner entered the United States illegally. Upon entry into the United States, Petitioner was detained and placed into removal proceedings. Petitioner was released into the United States on his own recognizance.

16. On August 21, 2019, Petitioner was ordered removed from the United States.

17. Petitioner remained in the United States and promptly appealed his order of removal.

18. On April 24, 2023, Petitioner's appeal to the Board of Immigration Appeals was dismissed.

19. Petitioner has resided at the same address, 195 Berry St., Valley Stream, NY 11580 since being ordered removed on August 21, 2019. Petitioner reported this address to the Department of Homeland Security.

20. On May 31, 2025, Petitioner was arrested in Nassau County for driving under the influence. Petitioner pled guilty to Aggravated Driving While Intoxicated, *see* VTL 1192-AA, and is awaiting sentencing on March 2, 2026.

21. Upon information and belief, Petitioner will be sentenced to no term of imprisonment for his criminal sentence and will be sentenced to a term of probation.

22. On January 29, 2026, Petitioner was detained by ICE at the Nassau District Court while awaiting a hearing pursuant to his criminal court proceedings.

23. Petitioner had never before been detained or released on an Order of Supervision by ICE pursuant to his 2019 removal order.

24. Upon information and belief, Petitioner is currently detained in Metropolitan Detention Center at 80 29th St., Brooklyn, NY 11232

## PARTIES

25. Petitioner Jhon Zhumi Zhumi is a noncitizen from Ecuador who is currently detained by ICE. On information and belief, Petitioner is currently detained in Metropolitan Detention Center in Brooklyn, NY.

26. Defendant Heriberto Tellez is the Warden of the Metropolitan Detention Center in Brooklyn, NY. He is being sued in his official capacity. He is Petitioner's immediate custodian

27. Defendant Todd Lyons is the Acting Director of U.S. Immigration and Customs Enforcement. He is being sued in his official capacity. He is Petitioner's legal custodian.

28. Defendant Pamela J. Bondi is the United States Attorney General. She is being sued in her official capacity. She oversees Immigration Judges and the Board of Immigration Appeals. She is Petitioner's legal custodian.

29. Defendant Kristi Noem is the Secretary of the U.S. Department of Homeland Security. She is being sued in her official capacity. She is Petitioner's legal custodian.

## JURISDICTION

30. Officials and agencies of the United States have been named as defendants. The Court has personal jurisdiction over the defendants under 28 U.S.C. § 1346(a)(2).

31. The Court has subject matter jurisdiction to hear Petitioner's request for relief under 28 U.S.C. § 2241 and Article I, § 9 cl. 2 of the United States Constitution.

32. This Court may grant relief under the Habeas Corpus statutes, 28 U.S.C. § 2241 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C § 1651.

## VENUE

33. Venue is proper in the Eastern District of New York because, upon information and belief, Petitioner is confined in this district in Metropolitan Detention Center at 80 29th St., Brooklyn, NY 11232. 28 U.S.C. § 1391(b)(2); *see Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004) (the Writ of Habeas Corpus is "issuable only in the district of confinement.")

## REQUIREMENTS OF 28 U.S.C § 2243

34. The Writ of Habeas Corpus provides a "swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963)

35. The Court must grant this Petition for Writ of Habeas Corpus or issue and Order to Show Cause ("OSC") to the Respondents "forthwith," unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process
### (Procedural Due Process)

1. The allegations in paragraph 1 through 33 are realleged and incorporated herein.

2. Procedural Due Process guarantees fair process. *See U.S. v. Salerno*, 481 U.S. 739, 746 (1987); *see also Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) (articulating factors).

3. Petitioner is being deprived of his right to liberty, the risk of deprivation is high, and there would be great value in additional procedural safeguards.

4. The Government has little interest in Petitioner's continued detention.

5. Continued detention of Petitioner is a violation of Procedural Due Process.

### COUNT TWO
### Violation of Fifth Amendment Right to Due Process
### (Substantive Due Process)

1. The allegations in paragraph 1 through 33 are realleged and incorporated herein.

2. The Due Process Clause covers a substantive sphere "barring certain government actions regardless of the fairness of the procedures used to implement them." *See Matzell v. Annucci*, 64 F.4th 425, 436 (2d Cir. 2023)

3. ICE's decision to detain Petitioner is so arbitrary that it constitutes a gross abuse of government authority.

4. Even in the presence of procedural protections, the government's actions are without justification. *See Southerland v. City of New York*, 680 F.3d 127, 152 (2d Cir. 2012)

5. Continued detention of Petitioner is a violation of Substantive Due Process.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred out of New York;

(3) Declare that Petitioner's detention is unlawful;

(4) Issue an Order to Show Cause ordering Defendants to show cause why this Petition should not be granted within three days;

(5) Order Petitioner's release pursuant to the Court's broad discretionary under 28 U.S.C. § 2243;

(6) In the alternative, hold a bail hearing and order Petitioner's release through the Court's inherent authority under *Mapp v. Reno*, pending adjudication of this Petition;

(7) In the second alternative, this Court should order the noncitizen released on supervision under 8 U.S.C. § 1231(a)(3);

(8) Award attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law;

(9) Order any further relief this Court deems just and proper.


Respectfully submitted this 17th Day of February, 2026.


<div style="margin-left:50%">

Respectfully submitted,
EDWARD J. CUCCIA, PC


_____/s/ Edward J. Cuccia_____
Edward J. Cuccia, Esq.
195 Centre Street, 2nd Floor
New York, NY 10013
212-966-7775
Edward@nycclawfirm.com

</div>

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JHON ZHUMI ZHUMI, ) | |
| ) | |
| Petitioner(s) ) | |
| ) | |
| v. ) | |
| ) | |
| HERIBERTO TELLEZ, Warden, ) | Case No. 2:26-cv-923 |
| Metropolitan Detention Center; ) | |
| TODD LYONS, Acting Director, U.S. ) | |
| Immigration and Customs Enforcement; ) | |
| PAMELA BONDI, U.S. Attorney General; ) | |
| and KRISTI NOEM, U.S. Secretary of ) | |
| Homeland Security ) | |
| ) | |
| Respondents(s). ) | |
| ) | |

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner and submit this verification on their behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 17th day of February, 2026.

/s/ Edward J. Cuccia
Edward J. Cuccia, Esq.
195 Centre Street, 2nd Floor
New York, NY 10013
212-966-7775
Edward@nycclawfirm.com

8