**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

July 16, 2026

Honorable Gary R. Brown
United State District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Jhon Zhumi Zhumi v. Lyons, et.al* 26-cv-923 (Brown, J.)

Dear Judge Brown:

This Office represents Respondents in the above captioned habeas action filed by Petitioner Jhon Zhumi Zhumi ("Petitioner"). Respondents submit this letter to respectfully request the Court clarify its July 14, 2026, Order Denying Writ of Habeas Corpus (the "July 14 Order"). *See* Docket. Specifically, Respondents request clarification as to whether the July 14 Order, which *inter alia* vacates the Court's "initial order preventing removal of the petitioner from this judicial district," vacates the Court's February 17, 2026 Scheduling Order (the "Scheduling Order") in its entirety, or only that portion that prohibited Petitioner from being transferred outside of this District ("EDNY"), the Southern District of New York ("SDNY"), or the District of New Jersey ("DNJ"). *See* Scheduling Order.

By way of background, Petitioner filed a petition for writ of habeas corpus (the "Petition") on February 17, 2026. *See* Docket Entry ("DE") No. 1. As of the date the Petition was filed, Petitioner had been in Immigration and Customs Enforcement ("ICE") detention for twenty days, *i.e.*. since January 29, 2026. *See id.* ¶ 1. Also on February 17, 2026, the Court issued the Scheduling Order which, in relevant part, set an emergency bail hearing for February 18, 2026, and further contained two prohibitions on Respondents' detention and disposition of Petitioner. *See id.* First, the Scheduling Order prohibited Respondents from removing Petitioner "from the United States *unless and until the Court orders otherwise*." *Id.* (the "Removal Prohibition"). (emphasis added). Second, the Scheduling Order prohibited Respondents from transferring Petitioner to any facility outside of the EDNY, SDNY or DNJ "absent further order of this Court." *Id.* (the "Transfer Prohibition").

On February 18, 2026, after conducting an emergency bail hearing, the Court ordered that Petitioner be released on bond and issued an Order Setting Conditions of Release (the "Release Order"). *See* DE 9. Petitioner was released that day.[1] On April 20, 2026, Respondents submitted

[1] As of the filing of this letter Petitioner has not been redetained by ICE.

their Response to the Court's Scheduling Order and in opposition to the petition. *See* DE 11. Respondents' response requested, *inter* alia, that the Court vacate the Removal Prohibition and the Transfer Prohibition contained in the Scheduling Order *Id.* 8. Petitioner filed his reply on June 16, 2026. DE 12.

After denying the Petition, without prejudice, the Court issued the July 14 Order, which provided that "*pursuant to respondents' request*, the Court vacates its [Scheduling O]order preventing the *removal of the petitioner from this judicial district*", which Respondents, if only in an abundance of caution, construe as revoking the Transfer Prohibition, but not the Removal Prohibition.[2] *See* Order (emphasis added). On July 15, 2026, the Court issued an Order directing the Clerk to "enter judgment and close the case." *See* Docket. Also on July 15, 2026, the Clerk amended the Docket to indicate that the Release Order and the Scheduling Order were vacated. *See* Docket. However, the amendment vacating the Scheduling Order contains the same language from the July 14 Order, which could be read to limit the extent of what is being vacated, to wit: "Modified on 7/15/2026 to vacate initial order preventing the *removal of the petitioner from this judicial district* pursuant to 7/14/2026 Order." *See* Docket (emphasis added).

Although the July 14 Order indicates, in relevant part, that it is "pursuant to respondent's request", Respondents had requested the vacatur of both the prohibition on removal from the United States, and on any limitations on transferring Petitioner to a facility outside of the EDNY, SDNY, or DNJ, if Petitioner is redetained. Thus, the Court's Order, which Respondents submit could be read to only vacate the Transfer Prohibition of the Scheduling Order, is unclear. *See* n.2. Thus, out of an abundance of caution, to avoid potentially unintentionally violating any outstanding order, Respondents request that the Court clarify that both the Transfer Prohibition and the Removal Prohibition are vacated.

Respondents thank the Court for its consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: <u>*/s/ Thomas R. Price*</u>
Thomas R. Price
Assistant U.S. Attorney
(631) 715-7893

cc: <u>By ECF</u>
All counsel of record

[2] The Order appears to combine the two separate prohibitions, removal from the United States and transfer from the EDNY, SDNY, or DNJ, into one category of "removal … from this judicial district." *See* Order. It is unclear to Respondents whether this combination is intended to vacate the entirety of both prohibitions or only a subset thereof.